UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL BISHER,<br><br>　　　　　　Defendant. | Case No. 2:10-cr-00206-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant's Motion for Recommendation to BOP. Dkt. 44. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

## II. BACKGROUND

On March 21, 2011, Mr. Bisher was sentenced to 168 months on Count 1, 120 months on Counts 2 and 3, with all counts to run concurrent with each other. On August 13, 2015, after a Stipulation for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(C)(2) was filed, the Court granted Mr. Bisher a sentence reduction to 151 months.  Mr. Bisher is

in the final year of his sentence and will be released to a one-year community supervision at the Spokane Residential Reentry Center ("Spokane RRC). However, before he is released to Spokane RRC, the Bureau of Prisons ("BOP") require that an inmate go through a 14-day BOP quarantine process.[1]  Mr. Bisher is asking the Court to recommend to BOP that he be allowed to do the 14-day quarantine at home with his mother before going to Spokane RRC.

### III. DISCUSSION

The Government argues that this Court lacks both the legal authority and jurisdiction to recommend or order the Bureau of Prisons to release the Defendant.  The Court tends to agree with the Government's conclusion.  18 U.S.C. § 3621(b)(5) states:

> ….The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse.  Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person. **Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court**.

While the Court recognizes and even sympathizes with the Defendant for filing this motion, once a sentence has been imposed, the Court is without jurisdiction or authority to dictate to the Bureau of Prisons how and where a Defendant shall serve his sentence.

---

[1] This quarantine process was instituted because of the current Covid-19 pandemic.

## IV. ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion for Recommendation to BOP (Dkt. 44) is **DENIED**.

DATED: May 14, 2020

David C. Nye
Chief U.S. District Court Judge